## MADISON LUMBER CO. v. FERRARO et al.*
### No. 13969.

Court of Appeal of Louisiana. Orleans.
April 18, 1932.

Lubin F. Laurent, of New Orleans, for appellant.

Deutsch & Kerrigan and Bert Flanders, Jr., all of New Orleans, for appellee.

HIGGINS, J.

The Madison Lumber Company brought this suit to recover a balance due for building material and lumber sold and delivered to an ordinary partnership composed of Peter Ferraro and John Centorbie.

Mr. Centorbie died prior to the institution of the suit, and, his heirs having accepted his succession, they were made parties defendant. As the petition alleged that the indebtedness was incurred between the dates of July 6, 1927, and August 10, 1927, and the suit was not filed until May 4, 1931, the trial court dismissed the suit as of nonsuit against the heirs of Centorbie on the ground that the parol evidence offered to support the plaintiff's claim was inadmissible to prove any liability on the part of the deceased, since his death had occurred more than twelve months prior to the date the suit was filed, such evidence being made incompetent and inadmissible under the provisions of Act No. 11 of 1926. None of the parties have appealed from this judgment, and it is final.

The defendant Ferraro pleaded payment, and, in the alternative, prescription of three years. There was judgment in favor of the plaintiff and against the defendant Ferraro in the sum of $82.89, and he alone has appealed.

The record shows that John Centorbie and Peter Ferraro owned a piece of unimproved real estate in indivision and desired to erect a picture show on it. They were uncertain as to how the matter could be financed and discussed it with Mr. James E. Du Bos, the credit manager of the Madison Lumber Company, plaintiff herein. Mr. Du Bos succeeded in having Mr. Ed. J. DeVerges, an attorney at law and notary public, interest one of his clients in making the necessary mortgage loan to cover the cost of the building, including both materials and labor. A negro carpenter and contractor, Edmund Honore, undertook the erection of the building, furnishing the labor. After the building was completed and the attorney and notary had examined the titles and approved them, he notified the parties to appear at his office for the purpose of executing an act of mortgage, it being the purpose of the parties to determine the exact amount that the building had cost and to place a mortgage upon the improvement and the ground for the entire amount. For some reason the parties were unable to keep the appointment, and the meeting was held two weeks later, on July 22, 1927.

The evidence is conflicting as to what happened during this meeting. Mr. Du Bos stated that, due to the fact that the appointment had been postponed for two weeks, his item-

---

*Rehearing denied May 2, 1932.

ized statement of materials and lumber had not been brought up to date, and that, as a consequence, the balance or amount sued for was left off. He denied that the admitted payment of $3,458.87 on July 22, 1927, was in full liquidation and settlement of the entire claim. He further denied that any discount was to be allowed defendants for having purchased practically all of the material from his company, and that the balance of the material which was left over was to be credited as of the date of the meeting, July 22, 1927. His evidence is corroborated in a measure by the testimony of P. G. Brignac, the bookkeeper of plaintiff company. Brignac testified that Mr. Ferraro and Mr. Centorbie called at the office subsequent to the payment of $3,458.87, on July 22, 1927, for the purpose of having a definite understanding about the credit which was to be given them for the return of the unused lumber.

The defendant proved through the testimony of Edward J. DeVerges, attorney and notary, Edmund Honore, the negro carpenter who erected the building, and Mrs. Peter Ferraro, who represented her husband and Mr. Centorbie in the transaction, that on July 22, 1927, the day the mortgage was passed, the parties met in Mr. DeVerges' office for the purpose of finally settling all the outstanding bills and claims, for both building material and labor; that Mrs. Ferraro, who did most of the negotiating with Mr. Du Bos, claimed that Ferraro and Centorbie were entitled to a credit of about $300 for the unused lumber to be returned and because of a promised discount of 2 per cent. on the lumber and 7 per cent. on the other building material that Mr. Du Bos had agreed to allow when the parties originally agreed that the plaintiff was to furnish practically all of the building material and lumber; that Mr. Du Bos was claiming about $216 for materials which were not included on the itemized statement of $3,458.87; that after considerable discussion Mr. Du Bos, representing the plaintiff, and Mrs. Ferraro, representing her husband and Mr. Centorbie, agreed that these respective claims would be considered finally settled when the payment of $3,458.87 was made; that thereupon the check for that amount was given and all these parties understood that it was definitely agreed that the claim was fully and finally liquidated and settled, and that they were surprised to learn subsequently that the plaintiff was making this claim.

The sole issue involved is one of fact, and, while it is true that an appellate court will not disturb a judgment of a lower court in such matters, unless manifestly erroneous, it appears to us that the defendant has established by a clear preponderance of the evidence that the payment of $3,458.87 was accepted as full and final settlement of the entire debt. Mr. Du Bos, on direct examination, testified that he was unaware, at the time of the acceptance of the check for $3,458.87, what the additional claim which his company had against the defendants amounted to, and denied that he had discussed the question of discount and the return of the material with Mrs. Ferraro at that time, but on cross-examination admitted that he did discuss the matter of discount and return of material with her. Mr. Du Bos and Mr. Brignac were not disinterested witnesses, whereas Mr. DeVerges and Honore, the contractor, were. In addition to this we note that the suit was filed on May 4, 1931, and no explanation is made as to why the plaintiff did not file suit sooner on this claim, which arose in July, 1927.

We cannot concur in the finding of the trial court and have decided to reverse the judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that plaintiff's suit be dismissed at its cost.

Reversed.